UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATONIA BICKHAM ET AL.                    CIVIL ACTION

VERSUS                                    No. 23-5446

STATE FARM FIRE AND                       SECTION I
CASUALTY COMPANY ET AL.

## ORDER & REASONS

Before the Court is a motion[1] for leave to file an amended and supplemented notice of removal filed by defendant State Farm Fire and Casualty Company ("defendant"). Defendant seeks to amend its notice of removal to include the consent of its codefendant, Carrington Mortgage Services, LLC ("Carrington"). Defendant also seeks to supplement its notice of removal with the certified state court record. For the reasons that follow, the Court denies defendant's motion to amend and grants defendant's motion to supplement.[2]

Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Supreme Court has interpreted the language of § 1446(b)(1) to mean that "a defendant's thirty-day removal period commences on formal service of process." *City of Clarksdale v. BellSouth Telecomms.,*

---

[1] R. Doc. No. 5.
[2] During a telephone conference, counsel for the plaintiffs informed the Court that the plaintiffs do not oppose defendant's motion.

*Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

The state court record filed by defendant shows that defendant was served on August 22, 2023.[3] The supplemental state court record shows that Carrington was also served on August 22, 2023.[4] Therefore, notice of removal was due thirty days later on September 21, 2023. Defendant filed its notice of removal on September 21, 2023.[5]

On September 28, 2023, defendant filed the present motion to amend its notice of removal to include the consent of Carrington. "[E]ach defendant must 'itself' consent to removal and 'there must be some timely filed *written* indication from each served defendant' in the record." *Johnson v. Allstate Fire & Cas. Ins. Co.*, No. CV 20-838, 2020 WL 2570127, at *2 (E.D. La. May 21, 2020) (Morgan, J.). While "[a] removal petition may be amended freely within the thirty day period set forth in 1446(b)," as noted previously, the thirty-day period expired on September 21, 2023. *Aucoin v. Gulf*

---

[3] R. Doc. No. 1-2. Defendant's motion states that its representative was served on August 21, 2023, not August 22, 2023, as the exhibit states. R. Doc. No. 1, at 5. This appears to be a typographical error, so the Court will not consider the implications of untimely notices of removal.
[4] R. Doc. 5-2, at 54.
[5] *Id.* at 7.

*S. Pipeline Co., L.P.*, No. CIV.A. 04-824, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004) (Barbier, J.).

"[T]he only avenue for amendment after the thirty-day period has run is 28 U.S.C. § 1653, which provides that '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'" *Alford v. Chevron U.S.A. Inc.*, No. CIV.A. 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014) (Vance, J.). However, "[s]ection 1653 may not be used to cure procedural defects of the removal, such as the failure to obtain the consent of a codefendant or the failure to explain why such consent was unnecessary." *Id. See also Garner v. Hyken*, No. CIV.A. 10-4135, 2011 WL 1002098, at *3 (E.D. La. Mar. 18, 2011) (Vance, J.) (allowing defendant to use § 1653 to amend a notice of removal to remedy a failure to obtain co-defendant's consent "would undermine the Fifth Circuit's clear rule. . .that all properly joined and served defendants must consent to removal within thirty days of service."); *Aucoin*, 2004 WL 1196980, at *2 (failure to obtain co-defendant's consent is a "substantial defect in removal proceedings" that cannot be cured through § 1653). Accordingly, because the consent of Carrington was not included within the thirty-day period for removal, the Court denies defendant's motion to amend.[6] Additionally, there is no indication that there are "exceptional circumstances" to justify departing from the

---

[6] Remand for procedural defects must be raised by a party in a motion. *See In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993) ("[W]e are persuaded that the better reading [of 28 U.S.C. § 1447] precludes the existence of discretion in the district court to remand for procedural defects on its own motion."). During a telephone conference, counsel for the plaintiffs informed the Court that she consents to proceeding before this Court, and she does not plan to file a motion to remand.

rule requiring all defendants to consent within the 30-day time period. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1264 (5th Cir. 1988) (suggesting "exceptional circumstances" might warrant departure from the rigid rule requiring consent to removal within the thirty-day period.).

The Court next considers the defendant's request to supplement its notice of removal with the certified state court record pursuant to 28 U.S.C. § 1447(b). "[F]ailure to file one of the required state court papers is a procedural defect that courts have often permitted the removing party to cure." *Glenn v. Bitco Gen. Ins. Co.*, No. CV 21-1691, 2021 WL 5905641, at *1 (E.D. La. Dec. 14, 2021) (Lemelle, J.). "When a defendant does not file a required document with its notice of removal, "the appropriate remedy" is "to supplement the record with those missing documents." *Id.*; *Ard v. HHF Beechgrove P'ship, Ltd.*, No. CV 16-16563, 2017 WL 991531, at *2 (E.D. La. Mar. 15, 2017) (Engelhardt, J.) ("[T]his Court finds that allowing [defendant] to supplement the record in order to "cure" the procedural defect. . .is the proper course of action."); *Covington v. Indemnity Insurance Co. of North America*, 251 F.2d 930, 933 (5th Cir. 1958) ("[I]f any of [the state court papers] are lacking from the original removal record, they may be later supplied."). Therefore, defendant may supplement its notice of removal with the certified state court record pursuant to 28 U.S.C. § 1447(b).

**IT IS ORDERED** that defendant's motion for leave to amend and supplement its notice of removal is **GRANTED IN PART** and **DENIED IN PART.** Defendant's motion for leave to amend its notice of removal is **DENIED.** Defendant's motion for

leave to supplement its notice of removal with the certified state court record is **GRANTED.** The certified state court record shall be filed into the record in the above-captioned matter.

New Orleans, Louisiana, October 3, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

5